Filed 10/7/25  P. v. Frierson CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE, | B339786 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. GA043389 |
| JAMES BELTON FRIERSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed.

Heather J. Manolakas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant James Belton Frierson contends the trial court erroneously denied his petition for a resentencing hearing pursuant to Penal Code section 1172.1 (section 1172.1). We reject Frierson's arguments and affirm the trial court's order.

## BACKGROUND

In 2001, a jury convicted Frierson of two counts of stalking and two counts of misdemeanor disobeying a court order. Under the Three Strikes law, the trial court sentenced Frierson to consecutive sentences of 25 years to life in state prison on the two stalking counts. On appeal, a different panel of this court modified the judgment by staying sentencing on one of those counts under section 654. (*People v. Frierson* (Jul. 2, 2002, B149977) [nonpub. opn.].)

In 2020, the California Department of Corrections and Rehabilitation (CDCR) alerted the trial court that it had incorrectly awarded Frierson 251 days of custody credit and 124 days of conduct credit because, at the time he was sentenced, he was serving a term in state prison and was thus ineligible for custody credits. In its letter to the trial court, the CDCR stated: "When notified by the [CDCR] that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices[.]" Frierson filed a motion requesting a full resentencing. Along with his motion, Frierson included exhibits documenting his efforts to participate in rehabilitation programs in prison, as well as letters of support from various members of his community outside prison. At a 2022 hearing, the trial court struck the unauthorized custody credits and denied Frierson's motion for resentencing. In denying Frierson's motion for resentencing, the court concluded the CDCR was only requesting correction of the credit award, the court did not have jurisdiction to resentence

Frierson, and even assuming the court did have jurisdiction to resentence Frierson, it was exercising its discretion to not do so.

On appeal, Frierson argued that the trial court abused its discretion by denying his motion for full resentencing. The Attorney General countered that the CDCR's notice did not trigger resentencing procedures, did not vest the trial court with jurisdiction to resentence Frierson, and did not give rise to an appealable order. Accordingly, the Attorney General argued the matter should be dismissed. A different panel of this court concluded, on the record before it, that it was unclear whether the CDCR, in its letter, intended to grant the trial court jurisdiction to fully resentence Frierson under section 1172.1, subdivision (a)(1).[1] (*People v. Frierson* (Oct. 31, 2023, B320531) [nonpub. opn.].) The court also concluded that it could not discern whether the trial court's alternate ruling (i.e., that even assuming it *had* jurisdiction to fully resentence Frierson, it would exercise its discretion not to do so) was an abuse of discretion, because the trial court did not explain its rationale for this ruling. (*Ibid.*) In light of these ambiguities, the court remanded the case to the trial court for further proceedings. (*Ibid.*) The court noted that on remand, the trial court could explain the rationale for its alternate ruling. (*Ibid.*) The court also suggested that the trial court could inquire of the CDCR whether

---

[1] Section 1172.1, subdivision (a)(l) provides, in pertinent part: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the [CDCR] . . . the court may . . . at any time upon the recommendation of the secretary[,] . . . resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

3

the agency intended to grant the trial court jurisdiction to fully resentence Frierson if it so chose, or rather, whether the CDCR merely intended the trial court to strike the credit award without conducting any further resentencing.  (*Ibid.*)

On remand, the trial court made multiple unsuccessful efforts to contact the CDCR and inquire whether it intended to grant the court jurisdiction to fully resentence Frierson.[2]  The trial court then issued a memorandum of decision denying Frierson's petition for a full resentencing hearing.  First, the court concluded that it did not have discretion under section 1172.1, subdivision (a) to fully resentence Frierson.  The court explained: "Based on the language of the letter and the CDCR's non-response, the trial court concludes that the CDCR's letter did not grant the trial court jurisdiction to fully resentence [the] [d]efendant" under the statute.  Second, the court concluded that it did not have inherent jurisdiction outside section 1172.1 to fully resentence Frierson when correcting the unauthorized credit award.  On appeal, Frierson argues that both of the trial court's conclusions were erroneous.

## DISCUSSION

### I.     The trial court properly denied Frierson's motion for a full resentencing hearing under section 1172.1, subdivision (a)(1)

We affirm the trial court's order denying Frierson's petition to fully resentence him under section 1172.1, subdivision (a)(1).

---

[2]     The prosecutor declared under penalty of perjury that she was able to contact the author of the CDCR letter, who informed her that the letter was *not* intended to grant the trial court jurisdiction to fully resentence Frierson, and was merely intended to resolve the credit award issue.

4

Given that the CDCR did not respond to the trial court's multiple inquiries, and because the CDCR's letter does not explicitly mention 1172.1, subdivision (a)(1) (i.e., the statutory provision that allows the CDCR to grant the trial court jurisdiction to fully resentence individual defendants), we cannot conclude, on this record, that the CDCR intended to grant the trial court discretion to fully resentence Frierson. In other words, on this record, Frierson cannot demonstrate that the trial court erred by concluding that it did not have jurisdiction under section 1172.1, subdivision (a)(1) to fully resentence him. (*People v. Benson* (2025) 110 Cal.App.5th 1068, 1081–1082 [" '[I]t is a fundamental principle of appellate procedure that a trial court [order or] judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the [order or] judgment' "].)

## II. The trial court did not otherwise abuse its discretion in declining to fully resentence Frierson when correcting his unauthorized credit award

Frierson next argues that the trial court had a more general authority, outside the context of section 1172.1, to fully resentence him when it corrected the credit award as an unauthorized sentence. We reject this more general contention that the trial court erred by not fully resentencing Frierson when correcting his unauthorized credit award. As the court in *People v. Boyd* (2024) 103 Cal.App.5th 56, 72 (*Boyd*) explained: "That some part of a sentence is unauthorized does not necessarily mean that the entire sentence . . . must be vacated." Like Frierson's case, *Boyd* entailed the correction of an erroneous credit award that was unauthorized by law. (*Id.* at p. 73.) The

*Boyd* court concluded: "[A]lthough Boyd is entitled to [have his credit award corrected], he has not shown that this warrants vacating his entire sentence, which a full resentence anticipates." (*Ibid.*) The same is true of Frierson. The trial court did not abuse its discretion by declining to fully resentence him when correcting his unauthorized credit award.

Recently, in *People v. Gonzalez* (2025) 108 Cal.App.5th 741, review granted Apr. 30, 2025, S289874 (*Gonzalez*), the court reached a similar conclusion to the one we reach here.[3] Like *Boyd* and Frierson's case, *Gonzalez* involved the question whether the trial court's correction of an unauthorized credit award warranted a full resentencing hearing. (*Id.* at pp. 744–745, 748–749.) Relying in part on *Boyd*, *Gonzalez* concluded that the appropriate course was "to correct the credit count without vacating the convictions or associated sentences." (*Id.* at pp. 748–749.) Like the *Gonzalez* court, we conclude the same is true here—that the correction of Frierson's credit award did not entitle him to be fully resentenced. Similar to the defendant in *Gonzalez*, Frierson has not "directed us to any authority that the

---

[3] The issue on review in *Gonzalez* is different from the one presented here. That issue involves the application of ameliorative sentencing laws in habeas corpus proceedings. The Supreme Court in *Gonzalez* ordered briefing deferred pending a decision in *People v. Esquivias*, S286371, which presents the following issue: "Does the issuance of an order to show cause to review one aspect of a defendant's sentence in habeas corpus proceedings render applicable all ameliorative laws taking effect after the defendant's judgment became final?" By contrast, Frierson's case is not a habeas corpus proceeding, and Frierson has not argued on appeal that any new ameliorative sentencing laws apply to his sentence, nor is this court aware of any new ameliorative laws that would apply to Frierson's sentence.

6

full resentencing rule must be applied where neither a conviction nor any sentence resulting therefrom has been vacated or modified." (*Id* at p. 750.)

Frierson acknowledges in his briefs that *Boyd* and *Gonzalez* are contrary authority to his position on appeal, but nonetheless argues that remand for a full resentencing hearing is warranted under *People v. Codinha* (2023) 92 Cal.App.5th 976 (*Codinha*). We are unpersuaded. It is true, as Frierson notes, that the *Codinha* court concluded remand for full resentencing was warranted under the particular circumstances of that case. (*Id.* at p. 993.) Frierson's case is different from *Codinha*, however, in several key respects. First, the unauthorized sentence in *Codinha* was not an unlawful credit award. Rather, the trial court in *Codinha* had imposed a legally unauthorized sentence by ordering two counts to run concurrently where the law required imposition of consecutive terms. (*Id.* at p. 991.) Second, the Court of Appeal in *Codinha* independently discovered that the trial court had failed to pronounce judgment on two misdemeanor offenses, an error that required the trial court's attention on remand. (*Id.* at p. 994.) In light of those circumstances, *Codinha* concluded that it would be appropriate for the trial court to reconsider all components of the sentence on remand. (*Ibid.*)

In defining the scope of remand, the *Codinha* court explained that "[t]he general rule is that on remand for resentencing the trial court is '[n]ot limited to merely [correcting] illegal portions' and 'may reconsider all sentencing choices. [Citations.] This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme.' " (*Codinha, supra,* 92

7

Cal.App.5th at p. 994.) In other words, because multiple counts and discretionary decisions were at play, *Codinha* found it appropriate to remand for a full resentencing. (*Ibid.*) Because Frierson's case, by contrast, merely involves the correction of an unauthorized credit award, we conclude that *Codinha* is inapposite. (See *Gonzalez*, *supra*, 108 Cal.App.5th at pp. 749–750 [distinguishing *Codinha*].)

## DISPOSITION

We affirm the trial court's order denying Frierson a full resentencing hearing.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

TAMZARIAN, J.

We concur:

COLLINS, Acting P.J.

VAN ROOYEN, J.*

---

\*     Judge of the San Luis Obispo Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.